United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-10640
(Summary Calendar)

_____

DANIEL FRANK RHODES,

Plaintiff-Appellee

versus

CITY OF ARLINGTON,

Defendant-Appellant

----------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:05-CV-2343)
----------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

In this interlocutory appeal, Defendant-Appellant City of Arlington (the "City") contends that the district court erred in denying the City's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the claim of Plaintiff-Appellee Daniel F. Rhodes for an alleged tort claim. The City's motion was grounded in its assertion of absolute immunity under the Texas Tort Claims Act ("TTCA"). The City also complains of the district court's refusal

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to dismiss Rhodes's request for declaratory relief regarding expungement of public records that he alleges to be false by virtue of the acts of City employees who are implicated in his tort action. The City also resists Rhodes's assertion that we lack appellate jurisdiction to hear this interlocutory appeal of the order denying the City's 12(b)(6) motion.

We have now reviewed the record on appeal and the factual and legal arguments of the parties as set forth in their briefs. First, for essentially the reasons expressed by the district court, we agree that we do have appellate jurisdiction to review the district court's denial of the City's dismissal motion. Even though our jurisprudence makes clear that a municipality is not entitled to qualified immunity based vicariously on qualified immunity of its officers, agents, or employees, the same does not hold true for the direct immunity of a municipality such as that accorded to them under the TTCA. For purposes of the collateral order doctrine, the district court's order declining to dismiss the City from this suit on the basis of its asserted immunity is collateral to the merits of the claims advanced by Rhodes against the City and others. Implicated is the pervasive maxim that immunity protects not only against liability but against standing trial as well.

That said, we decline to write separately to any extent, as doing so would be unnecessarily redundant: For the reasons stated and explained fully in the Conclusions and Recommendation of the

2

United States Magistrate Judge, as well as those announced in the Order of the district court adopting those Conclusions and Recommendation, we affirm the court's denial of the City's motion to dismiss and return the case for further proceedings there.

AFFIRMED.